

ELECTRONIC

**OCT 26, 2012**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.   12-CR-20592-ALTONGA(s)

18 U.S.C. § 1512(k)
18 U.S.C. § 1512(a)(1)(C)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(j)
18 U.S.C. § 371
18 U.S.C. § 554
18 U.S.C. § 924(d)(1)

**UNITED STATES OF America**

**vs.**

**ANDRES CAMPO**
**and CARLOS RIOS,**

    **Defendants.**
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## COUNT 1

In or around May 2011, the exact date being unknown to the Grand Jury, and continuing through on or about May 27, 2011, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ANDRES CAMPO**
**and**
**CARLOS RIOS,**

did knowingly and willfully conspire with each other and other known and unknown persons to kill another person, that is, Erik Comesana, with intent to prevent the communication by Erik Comesana to a law enforcement officer and judge of the United States of information relating to the commission of a Federal offense, in violation of Title 18, United States Code, Section 1512(a)(1)(C).

Pursuant to Title 18, United States Code, Section 1512(a)(3)(A), it is further alleged said killing was murder in the first degree, as defined by Title 18, United States Code, Section 1111(a).

All in violation of Title 18, United States Code, Section 1512(k).

## COUNT 2

On or about May 27, ~~2012,~~ 2011 *RB* in Miami-Dade County, in the Southern District of Florida, the defendants,

**ANDRES CAMPO**
**and**
**CARLOS RIOS,**

did knowingly and willfully kill another person, that is, Erik Comesana, with intent to prevent the communication by Erik Comesana to a law enforcement officer and judge of the United States of information relating to the commission of a Federal offense, in violation of Title 18, United States Code, Sections 1512(a)(1)(C) and 2.

Pursuant to Title 18, United States Code, Section 1512(a)(3)(A), it is further alleged said killing was murder in the first degree, as defined by Title 18, United States Code, Section 1111(a).

## COUNT 3

On or about May 27, 2011, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ANDRES CAMPO**
**and**
**CARLOS RIOS,**

did knowingly carry and use a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, for which the defendant may be prosecuted in a court of the United States, that is, violation of Title 18, United States Code, Sections

2

1512(k) and 1512(a)(1)(C), as set forth in Count 1 and Count 2 of this Superseding Indictment; in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), it is further alleged the firearm was discharged.

## COUNT 4

On or about May 27, 2011, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ANDRES CAMPO**
**and**
**CARLOS RIOS,**

did knowingly carry and use a firearm during an in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, for which the defendant may be prosecuted in a court of the United States, that is, violation of Title 18, United States Code, Sections 1512(k) and 1512(a)(1)(C), as set forth in Count 1 and Count 2 of this Superseding Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A), and in the course of this violation caused the death of a person, that is, Erik Comesana, through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111; in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(j), and 2.

3

## COUNT 5

Between in or around 2008, the exact date being unknown to the Grand Jury, and on or about July 26, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### ANDRES CAMPO
### and
### CARLOS RIOS,

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons known and unknown to the Grand Jury to knowingly receive, conceal, buy, and facilitate the transportation and concealment of merchandise and articles, that is, firearms and firearms parts, prior to exportation, knowing the same to be intended for exportation contrary to any law and regulation of the United States, in violation of Title 18, United States Code, Section 554.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, at least one of the conspirators committed and caused to be committed in the Southern District of Florida at least one of the following overt acts, among others:

1.  On or about April 30, 2008, Erik Comesana received a FN Five-Seven semi-automatic pistol from Florida Armory, Inc., 8870-3 S.W. 40th Street, Miami, Florida.

2.  On or about April 30, 2008, Erik Comesana received a Kel-Tec PLR-16 semi-automatic pistol from South Dade Jewelry & Gun Exchange, Inc., 20848 South Dixie Highway, Miami, Florida.

4

3.      On or about March 11, 2008, Erik Comesana received a Kel-Tec PLR-16 semi-automatic pistol, from I.N.J. Enterprises, Inc., 200 S.W. 25th Street, Fort Lauderdale, Florida.

4.      On or about June 5, 2008, Erik Comesana received a FN Five-Seven semi-automatic pistol, from I.N.J. Enterprises, Inc., 200 S.W. 25th Street, Fort Lauderdale, Florida.

5.      On or about October 8, 2009, Erik Comesana received a Kel-Tec PLR-16 semi-automatic pistol from D.B.A. Charlie's Armory, 7147 West Flagler Street, Miami, Florida.

6.      On or about October 27, 2009, Michael Romero received a DPMS AR-15 receiver and a FN Five Seven semi-automatic pistol at Florida Armory Inc., 8870-3 S.W. 40th Street, Miami, Florida.

7.      On or about May 27, 2011. David Loaiza left Miami-Dade County to drive to Deland, Florida, and buy firearm parts.

8.      On or about May 27, 2011, David Loaiza did transport firearm parts to Miami-Dade County.   MAY 29 2011  R B

9.      On or about May 30, 2011, **ANDRES CAMPO** and **CARLOS RIOS** maintained in their possession firearm parts and tools inside a garage located at 340 N.W. 132nd Avenue, Miami, Florida.   2012  R B

10.     On or about July 4, ~~2011~~, **ANDRES CAMPO** and **CARLOS RIOS** did maintain in their possession firearm parts inside a residence located at 3320 SW 132nd Avenue, Miami, Florida.

5

11.     On or about July 26, 2011, **ANDRES CAMPO** and **CARLOS RIOS** did possess an

AR-15 upper receiver in a vehicle located in Miami Dade County.

All in violation of Title 18, United States Code, Section 371.

## COUNT 6

On or about May 27, 2011, in Miami-Dade County, in the Southern District of Florida, the

defendants,

**ANDRES CAMPO**
**and**
**CARLOS RIOS,**

did knowingly receive, conceal, buy, and facilitate the transportation and concealment of

merchandise and articles, that is, firearm parts, prior to exportation, knowing the same to be intended

for exportation contrary to any law or regulation of the United States, in violation of Title 18, United

States Code, Sections 554 and 2.

## COUNT 7

On or about July 4, 2012, in Miami-Dade County, in the Southern District of Florida, the

defendants,

**ANDRES CAMPO**
**and**
**CARLOS RIOS ,**

did knowingly receive, conceal, buy, and facilitate the transportation and concealment of

merchandise and articles, that is, firearm  parts, prior to exportation, knowing the same to be

intended for exportation contrary to any law or regulation of the United States, in violation of Title

18, United States Code, Sections 554 and 2.

6

## COUNT 8

On or about July 26, 2012, in Miami-Dade County, in the Southern District of Florida, the defendants,

### ANDRES CAMPO
### and
### CARLOS RIOS

did knowingly receive, conceal, buy, and facilitate the transportation and concealment of merchandise and articles, that is, a firearm part, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, in violation of Title 18, United States Code, Sections 554 and 2.

## NOTICE OF SPECIAL FINDINGS

The Grand Jury finds that:

Pursuant to Chapter 228 (Sections 3591 through 3599) of Title 18 of the United States Code, the following factors exist regarding the defendants and their commission of the offenses charged in Count 1, Count 2, and Count 4, the allegations of which are fully re-alleged and incorporated herein by this reference.

A.      Statutory Factors Enumerated Under Title 18, United States Code, Section 3591(a).

1.      Defendants' Ages. Defendants **ANDRES CAMPO** and **CARLOS RIOS** were each 18 years of age or older at the time they committed the offense.  Title 18, United States Code, Section 3591(a).

2.      Defendants' Mental State.

a.      Defendants **ANDRES CAMPO** and **CARLOS RIOS** intentionally killed Erik

7

Comesana.  Title 18, United States Code, Section 3591(a)(2)(A).

    b.  Defendants **ANDRES CAMPO** and **CARLOS RIOS** intentionally inflicted serious bodily injury to Erik Comesana that resulted in the death of Erik Comesana.  Title 18, United States Code, Section 3591(a)(2)(B).

    c.  Defendants **ANDRES CAMPO** and **CARLOS RIOS** intentionally participated in an act, contemplating that a life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Erik Comesana died as a direct result of the act.  Title 18, United States Code, Section 3591(a)(2)(C).

    d.  Defendants **ANDRES CAMPO** and **CARLOS RIOS** intentionally and specifically engaged in an act of violence, knowing the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Erik Comesana died as a direct result of the act.  Title 18, United States Code, Section 3591(a)(2)(D).

B.  <u>Statutory Factors Enumerated Under Title 18, Untied States Code, Section 3592(c)</u>.

    1.  Defendants **ANDRES CAMPO** and **CARLOS RIOS** committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim.

    2.  Defendants **ANDRES CAMPO** and **CARLOS RIOS** committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism.

## CRIMINAL FORFEITURE ALLEGATIONS

    1.  The allegations of this Superseding Indictment are re-alleged and by this reference

fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **ANDRES CAMPO** and **CARLOS RIOS**, have an interest.

2.       Upon the conviction of a violation of, or a conspiracy to violate,  Title 18, United States Code, Section 554, as alleged in Counts 5, 6, 7 and 8 Superseding Indictment, the defendants shall forfeit to the United States all of their respective right, title and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to such violation pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C), as made applicable by as made applicable by Title 28, United States Code, Section 2461(c), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ANTHONY W. LACOSTA
ASSISTANT UNITED STATES ATTORNEY

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.    12-CR-20592-ALTONAGA(s) |
| vs. | |
| ANDRES CAMPO and CARLOS RIOS, | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| _____Defendants._____/ | Case Information: |

**Court Division:** (Select One)

| | | | |
|---|---|---|---|
| X  Miami | _____  Key West | | New Defendant(s)        Yes _____  No   X |
| _____  FTL | _____  WPB | _____  FTP | Number of New Defendants   _____ |
| | | | Total number of counts   _____ |

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No)    Yes
    List language and/or dialect    Spanish

4.  This case will take  15  days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                                          (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0  to  5 days | _____ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | X | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | X |
| V | 61 days and over | | | |

6.  Has this case been previously filed in this District Court? (Yes or No)    Yes
    If yes:
    Judge: Altonaga                                    Case No. 12-CR-20592-ALTONAGA
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?      (Yes or No)    Yes
    If yes:
    Magistrate Case No.                         11-mj-2694-TEB
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of   July 26, 2012
    Defendant(s) in state custody as of   _____
    Rule 20 from the   _____   District of   _____

    Is this a potential death penalty case? (Yes or No)        Yes

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    _____ Yes    X  No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes    X  No


_____
ANTHONY W. LACOSTA
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5500698

\*Penalty Sheet(s) attached                                              REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name: <u>**ANDRES CAMPO**</u>

Case No:          <u>**12-CR-20592-ALTONAGA(s)**</u>

Count 1:

Conspiracy to Obstruct Justice by Murder

Title 18, United States Code, Section 1512(k)

**\*Max. Penalty:**  Death Penalty/ Life Imprisonment

Count 2:

Obstruction of Justice by Murder

Title 18, United States Code, Section 1512(a)(1)(C)

**\*Max. Penalty:**  Death Penalty/ Life Imprisonment

Count 3:

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)

**\*Max. Penalty:**  Life Imprisonment

Count 4:

Possession of a Firearm in Furtherance of a Crime of Violence Resulting in Death

Title 18, United States Code, Section 924(j)

**\*Max. Penalty:**  Death Penalty/ Life Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name: **ANDRES CAMPO**

Case No: **12-CR-20592-ALTONAGA(s)**

Count 5:

Conspiracy to Unlawfully Export Firearms

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five Years' Imprisonment

Counts 6, 7 & 8:

Unlawful Exportation of Firearms

Title 18, United States Code, Section 554

**\*Max. Penalty:** Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: <u>CARLOS RIOS</u>**

**Case No:**        <u>12-CR-20592-ALTONAGA(s)</u>

Count 1:

Conspiracy to Obstruct Justice by Murder

Title 18, United States Code, Section 1512(k)

**\*Max. Penalty:**  Death Penalty/ Life Imprisonment

Count 2:

Obstruction of Justice by Murder

Title 18, United States Code, Section 1512(a)(1)(C)

**\*Max. Penalty:**  Death Penalty/ Life Imprisonment

Count 3:

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)

**\*Max. Penalty:**  Life Imprisonment

Count 4:

Possession of a Firearm in Furtherance of a Crime of Violence Resulting in Death

Title 18, United States Code, Section 924(j)

**\*Max. Penalty:**  Death Penalty/ Life Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

Defendant's Name: **CARLOS RIOS**

Case No:           **12-CR-20592-ALTONAGA(s)**

Count 5:

Conspiracy to Unlawfully Export Firearms

Title 18, United States Code, Section 371

**\*Max. Penalty:**   Five Years' Imprisonment

Counts 6, 7 & 8:

Unlawful Exportation of Firearms

Title 18, United States Code, Section 554

**\*Max. Penalty:**   Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**